IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| PAUL BRADLEY LEGG,<br><br>    Plaintiff,<br><br>vs.<br><br>RICKY McCARTER, *et al.*,<br><br>    Defendants. | CIVIL NO. 17-00511 DKW-KJM<br><br>**ORDER DISMISSING CASE** |

On October 11, 2017, Plaintiff Paul Bradley Legg, proceeding pro se, filed several documents, which the Court liberally construed as a Complaint, alleging fraud and numerous other grievances against several individuals and entities due to the "seizure" of certain real property. *See* Compl., Dkt. No. 1-1. On November 6, 2017, Legg filed an Application to proceed *in forma pauperis* ("IFP Application").[1] In a November 13, 2017 Order, the Court granted Legg's IFP Application and dismissed the Complaint, but granted Legg limited leave to file an amended complaint by no later than December 15, 2017. Dkt. No. 6 (11/13/17 Order). Legg has yet to file an amended complaint or request additional time in which to do

---

[1] On October 11, 2017, the district court issued a deficiency order, directing Legg to either pay the applicable filing fee or to submit a completed *in forma pauperis* application within twenty-eight days. Dkt. No. 3.

so, or to otherwise respond coherently to the Court's November 13, 2017 Order.[2] As a result, this action is dismissed without prejudice.

Courts have the authority to dismiss actions for failure to prosecute or for failure to comply with court orders. *See Link v. Wabash R.R. Co*., 370 U.S. 626, 629–31 (1962) ("The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."). More specifically, the Court has discretion to dismiss a plaintiff's action for failure to comply with an order requiring him to file an amended pleading within a specified time period. *Pagtalunan v. Galaza*, 291 F.3d 639, 640 (9th Cir. 2002). Before dismissing an action for failure to prosecute, the Court must weigh: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Id*. at 642 (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992)). Upon careful

---

[2]On December 18, 2017, the Court received a letter from Legg (Dkt. No. 10), stating that "I am taking your suggestion to exhaust my administra[tive] remedy by entering the Hawaii State Judiciary federated Court as a 'Special Appearance' of a 'Private Party of Interest' without waiving rights, or consent to jurisdiction for the purpose of retrieval of my House(s), estate, and its properties." He also asks "leave of the Federal District Court to make settlement in the State Federated Court, and remove the bank sponsored former Tenants, and exhaust my Administrative remedy as a 'Private party of Interest.'" As best the Court can discern, the December 18 letter does not specifically reference the Court's 11/13/17 Order, the filing of any amended complaint, or the proceedings in this civil action. The Court takes no action with respect to any request made in the December 18, 2017 letter.

consideration of these factors, the Court concludes that dismissal without prejudice is warranted under the circumstances.

The Court's November 13, 2017 Order was clear:

> [B]ecause because Legg fails to state a claim, several defendants are immune from suit, and the Court is without subject matter jurisdiction, the Court DISMISSES the Complaint and GRANTS Legg limited leave to file an amended complaint in accordance with the terms of this order by December 15, 2017.
>
> ****
>
> Because Legg fails to state a plausible claim for relief, the Complaint is dismissed. Because amendment *may* be possible, dismissal is with leave to amend, as further described below.
>
> ****
>
> The dismissal of the Complaint is without prejudice, and Legg is granted leave to amend to attempt to cure the deficiencies identified above. . . . Failure to file an amended complaint by **December 15, 2017** will result in the automatic dismissal of this action without prejudice.
>
> Based upon the foregoing, the Complaint is DISMISSED with leave to amend (Dkt. No. 1), the IFP Application is GRANTED (Dkt. No. 4), and both the Motion for Leave to Amend and the Motion for Service are DENIED as moot (Dkt. No. 5).
>
> Legg is granted limited leave to file an amended complaint in accordance with the terms of this order by **December 15, 2017**. The Court CAUTIONS Legg that failure to file an amended complaint by **December 15, 2017** will result in the automatic dismissal of this action without prejudice.

11/13/17 Order at 1–2, 12, 16–18.

Legg's failure to comply with the November 13, 2017 Order hinders the Court's ability to move this case forward and indicates that he does not intend to litigate this action diligently. *See Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal."). This factor favors dismissal.

The risk of prejudice to a defendant is related to a plaintiff's reason for failure to prosecute an action. *See Pagtalunan*, 291 F.3d at 642 (citing *Yourish*, 191 F.3d at 991). Legg offers no excuse or explanation for his failure to file a First Amended Complaint. When a party offers a poor excuse (or, in this case, no excuse) for failing to comply with a court's order, the prejudice to the opposing party is sufficient to favor dismissal. *See Yourish*, 191 F.3d at 991-92. This factor favors dismissal.

Public policy favoring the disposition of cases on their merits ordinarily weighs against dismissal. However, it is the responsibility of the moving party to prosecute the action at a reasonable pace and to refrain from dilatory and evasive tactics. *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991). Legg failed to discharge his responsibility to prosecute this action despite the Court's express warnings about dismissal in its prior order. *See* 11/13/17 Order at 16–18. Under these circumstances, the public policy favoring the resolution of

disputes on the merits does not outweigh Legg's failure to file an amended complaint, as directed by the Court in its November 13, 2017 Order.

The Court attempted to avoid outright dismissal of this action by granting Legg the opportunity to amend his allegations and providing specific guidance on how to do so. *See Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives."). Alternatives to dismissal are not adequate here, given Legg's voluntary failure to comply with the Court's Order, and apparent election to instead "exhaust his administrat[ive] remedy by entering the Hawaii State Judiciary federated Court as a 'Special Appearance' of a 'Private Party of Interest[.]'" 12/18/17 Letter, Dkt. No. 10. Under the present circumstances, less drastic alternatives are not appropriate. The Court acknowledges that the public policy favoring disposition of cases on their merits weighs against dismissal. On balance, however, because four factors favor dismissal, this factor is outweighed.

On the basis of the foregoing, the Court DISMISSES this action without prejudice and directs the Clerk of Court to close this case.

IT IS SO ORDERED.

Dated: December 20, 2017 at Honolulu, Hawaiʻi.



Derrick K. Watson
United States District Judge

---

*Legg v. McCarter, et al.*, Civil No. 17-00511 DKW-KJM; **ORDER DISMISSING CASE**